```
                      UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


STEVEN P. FLEMING,                 :   CIVIL NO. 1:11-CV-00386
                                   :
        Plaintiff                  :   (Chief Judge Kane)
                                   :
        v.                         :   (Magistrate Judge Smyser)
                                   :
SCRANTON, PA,                      :
LACKAWANNA COUNTY,                 :
MAYOR CHRISTOPHER A. DOHERTY,      :
CHIEF DANIEL DUFFY and             :
JUDGE JOHN MCCURRI,                :
                                   :
        Defendants                 :
```

## REPORT AND RECOMMENDATION

 The plaintiff alleges that he refused to transport cocaine for a Scranton drug ring and that, as a result, a member of the drug ring made an anonymous call to the Federal Aviation Administration. He alleges that these events ruined his career as a pilot. He also makes allegations regarding his time in jail. But he does not allege how the named defendants were involved in any of these events. Thus, the complaint and amended complaint fail to state a claim upon which relief may be granted. Accordingly, we recommend that the motion to dismiss filed by three of the defendants be granted, that the

complaint and amended complaint be dismissed in accordance with 28 U.S.C. § 1915(e)(2) as to the other two defendants, and that the case be closed.

I. Background and Procedural History.

The plaintiff, Steven Paul Fleming, commenced this action by filing a complaint. He also filed an application to proceed *in forma pauperis*.

The defendants named in the complaint are: Scranton, Pennsylvania; Lackawanna County; Mayor Christopher A. Doherty; Chief Daniel Duffy; and Judge John McCurri.

The allegations in the complaint are not clear. The plaintiff alleges that his cases keep getting lost in the courts, that he has been denied legal counsel, and that the judges in his cases have acted under conflicts of interest and as defense counsel. He makes allegations about a cocaine trafficking ring. He alleges that he was an airline pilot but that his career was ruined by an anonymous call from a member of a drug ring to the Federal Aviation Administration. He

2

alleges that when he was incarcerated the boilers at the prison were not working and that his cell felt like a freezer. He alleges that he was released after suffering from hypothermia and that when he was released from incarceration he was told not to return to Scranton.

We granted the plaintiff's application to proceed *in forma pauperis* and reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2). We determined that the complaint fails to state a claim upon which relief may be granted. The plaintiff was granted leave to file an amended complaint.

On March 16, 2011, the plaintiff filed a document entitled "Motion of Default, Amended Complaint."

Defendants Doherty, Duffy and the City of Scranton filed a motion to dismiss the complaint/amended complaint and a brief in support of that motion. The plaintiff has not filed a document titled as a brief in opposition to that motion. He has, however, filed two documents titled motions: a "Motion for Jury, to Submit Evidence, Have Argument" and a "Motion for Jury, for Relief, Settlement." We construe these documents in

3

part as the plaintiff's brief in opposition to the motion to dismiss. To the extent that these documents are motions, by a separate order we have denied the motions. In this Report and Recommendation, we address the pending motion to dismiss. We also review the amended complaint in accordance with 28 U.S.C. § 1915(e)(2) as to the defendants who have not filed a motion to dismiss - defendants McCurri and Lackawanna County.

II. Pleading and Motion to Dismiss Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

4

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

6

lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

The factual allegations of the complaint are not clear. The complaint does not provide fair notice to the defendants of the nature of the plaintiff's claims.

The plaintiff's amended complaint also does not provide fair notice to the defendants of the nature of the plaintiff's claims. The plaintiff alleges that because he would not pilot Scranton's cocaine, "they" ruined his career as a pilot. But he does not allege facts which would lead to a reasonable inference that the named defendants were personally involved in trafficking cocaine or ruining his career.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of

7

whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

A municipality also cannot be held liable under 42 U.S.C. § 1983 for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). To state a claim against a municipality the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Id.* at 694.

Neither the complaint nor the amended complaint contains factual allegations showing that any individual defendant was personally involved in an alleged violation of the plaintiff's constitutional rights. They also do not contain factual allegations showing that a policy or custom of the municipal

8

defendants caused a violation of the plaintiff's constitutional rights. Thus, the complaint and amended complaint fail to state a claim upon which relief may be granted.[1]

Before dismissing a complaint for failure to state a claim upon which relief may be granted in accordance with the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In this case, we granted the plaintiff leave to file an amended complaint and he filed an amended complaint. But he failed to correct the deficiencies in the complaint that had been pointed out to him, and the amended complaint fails to state a claim upon which relief may be granted. Further amendment would be futile.

---

[1] Because the complaint and amended complaint fail to state a claim upon which relief may be granted, we do not address the defendants' contention that this case is barred by *res judicata*.

9

IV. Recommendations.

Because the complaint and amended complaint fail to state a claim upon which relief may be granted, it is recommended that the motion (doc. 8) to dismiss filed by defendants Doherty, Duffy, and the City of Scranton be granted. It is also recommended that the case be dismissed as to defendants McCurri and Lackawanna County in accordance with 28 U.S.C. § 1915(e)(2). Finally, it is recommended that the case be closed.

                                              ***/s/ J. Andrew Smyser***
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated:   June 22, 2011.