## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN P. FLEMING,            : | |
|     Plaintiff                         : | No. 1:11-CV-386 |
|                                             : | |
| v.                                             : | (Chief Judge Kane) |
|                                             : | |
| SCRANTON, PA, LACKAWANNA  : | |
| COUNTY, et al.,                     : | |
|     Defendants                     : | |

### MEMORANDUM ORDER

Pending before the Court is a Report and Recommendation ("R&R") prepared by Magistrate Judge Smyser dismissing with prejudice Plaintiff Steven Fleming's amended complaint for failure to state a claim. (Doc. No. 13.) The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the R&R the Court is to make a de novo determination of those portions of the R&R which objection is made. 28 U.S.C. § 636(b)(1). Because Plaintiff has filed an objection to the R&R, the Court will write briefly to address his concerns.

On March 8, 2011, Judge Smyser granted Plaintiff's application to proceed in forma pauperis and reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2). (Doc. No. 5.) After undertaking that review, Judge Smyser found that the complaint failed to state a claim upon which relief could be granted. (Id.) Accordingly, Plaintiff was granted leave to file an amended complaint to cure the deficiencies in his original complaint. (Id.) On March 16, 2011, Plaintiff filed a document entitled "Motion of Default, Amended Complaint." (Doc. No. 6.)

In the R&R now pending before the Court, Judge Smyser undertakes a fresh review of

Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2) and again finds that Plaintiff fails to state a cognizable claim against the named defendants. The R&R notes that the complaint is founded on Plaintiff's allegations that "he refused to transport cocaine for a Scranton drug ring and that, as a result, a member of the drug ring made an anonymous call to the Federal Aviation Administration," resulting in the ruination of his aviation career and time in jail. (Doc. No. 13 at 1.) However, Judge Smyser writes:

> Neither the complaint nor the amended complaint contains factual allegations showing that any individual defendant was personally involved in an alleged violation of the plaintiff's constitutional rights. They also do not contain factual allegations that a policy or custom of the municipal defendants caused a violation of the plaintiff's constitutional rights. Thus, the complaint and amended complaint fail to state a claim upon which relief may be granted.

(Doc. No. 13 at 8-9.)

After an independent review of Plaintiff's amended complaint, Court finds no error in Judge Smyser's finding that the pleading fails to state a claim on which relief may be granted under § 1915(e)(2). The Court has reviewed the objections filed by Plaintiff and, even construing them liberally, is unable to decipher any legal arguments which would allow the Court to rule in his favor and against the well-reasoned opinion of Judge Smyser. To the contrary, the objections are a stream-of-conscience rambling, straying from Plaintiff's allegations of a drug operation in Scranton, to comments about his upbringing and abilities as a pilot, to allegations of a "fatal attractions problem" with a woman named Marilyn Manger, to a more solemn comment about the possibility that the events of September 11, 2011, have caused Plaintiff post-traumatic stress disorder. Although the objections do mention Defendant Judge

John McCurri by name, (see Doc. No. 15 at 4, 5), this passing reference in the objections does not cure the deficiency identified in the R&R of a failure to show in the amended complaint that Judge McCurri, or any other defendant, "was personally involved in an alleged violation of the plaintiff's constitutional rights." (Doc. No. 13 at 8.)

**ACCORDINGLY**, on this 14th day of July 2011, upon consideration of Magistrate Judge Smyser's R&R (Doc. No. 13) and Plaintiff's objections thereto (Doc. No. 15), it is hereby ordered that:

1. The R&R (Doc. No. 13) is **ADOPTED**. Plaintiff's objections (Doc. No. 15) are **OVERRULED**.

2. Plaintiff's claims are **DISMISSED**. The Clerk of Court is directed to close the file.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania