## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN P. FLEMING, : | |
| : | |
| Plaintiff : | No. 1:11-CV-386 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| SCRANTON, PA, LACKAWANNA : | |
| COUNTY, et al., : | |
| : | |
| Defendants : | |

### MEMORANDUM ORDER

Before the Court is Plaintiff's motion for reconsideration of this Court's order dismissing Plaintiff's claims. (Doc. No. 17.) Also before the Court is Plaintiff's motion for leave to proceed in forma pauperis. (Doc. No. 18)

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to present manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented

to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In this Court's July 14, 2011 order, the Court held that Plaintiff had failed state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2).  The Court noted that, even construed liberally, Plaintiff's objections to Magistrate Judge Smyser's report and recommendation do not allow the Court to rule in his favor.  Like his objections to the report and recommendation, Plaintiff's motion for reconsideration is rambling, void of legal arguments, and abusive.  Plaintiff accuses the Court of lying, and insults the Court, but he does not set forth any arguments relevant to a motion for reconsideration.  As a result, Plaintiff has failed to demonstrate any of the necessary grounds for reconsideration of this Court's July 14, 2011 order.

On March 8, 2011, Magistrate Judge Smyser entered an order permitting Plaintiff to proceed in forma pauperis in this matter.  (Doc. No. 5.)  As such, the request to proceed in forma pauperis that is before the court (Doc. No. 18) is moot.

Accordingly, on this 17th day of August 2011, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. No. 17) is **DENIED** and Plaintiff's motion for leave

to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. No. 18) is **DENIED AS MOOT**.

<u>S/ Yvette Kane</u>
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
